UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16CV908 JCH |
| ) | |
| THE BI-STATE DEVELOPMENT AGENCY ) | |
| OF THE MISSOURI-ILLINOIS ) | |
| METROPOLITAN DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its review of the record. On or about November 20, 2015, Plaintiffs Marcus Anderson and Anderson Paint Store, LLC, filed their Complaint in the Circuit Court of the City of St. Louis, Missouri. (Notice of Removal, ¶ 1). Named as Defendants were The Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("Bi-State"), Larry Jackson ("Jackson"), Elke Campbell, St. Louis Bridge Company, Richard Rounds, Janet Webb, Thomas Industrial Coating, and Dane McGraw. (Complaint, ECF No. 6). Plaintiffs asserted claims for breach of contract, breach of implied contract, breach of good faith and fair dealing, fraud, and detrimental reliance. (*Id.*, ¶¶ 47-75).

On or about May 19, 2016, Plaintiffs successfully served Defendants Bi-State and Jackson with the Summons and Complaint. (Notice of Removal, ¶ 3; ECF No. 1-1, PP. 1, 12, 14). Bi-State then removed the case to this Court on June 20, 2016, on the basis of diversity jurisdiction. (ECF No. 1). Specifically, Bi-State asserted "[t]his Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §

1441(b)(2) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000." (*Id.*, ¶ 6).[1]

**DISCUSSION**

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." "The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Boschert v. Wright Medical Group, Inc.*, 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015) (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)). Removal statutes are strictly construed, and "any doubts about the propriety of removal must be resolved in favor of remand." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1025 (E.D. Mo. 2014) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

Although a defendant generally may remove a case to federal court when the federal court would have had original jurisdiction over the action, "there is a restriction on the removal of diversity cases known as the 'forum defendant rule.'" *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012). This rule, set forth in 28 U.S.C. § 1441(b), "makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff." *Johnson v. Emerson Elec. Co.*, 2013 WL 5442752, at *1 (E.D. Mo. Sep. 30, 2013) (citations omitted). "Under § 1441(b), a defendant can remove a case based on diversity jurisdiction 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b));

---

[1] According to Bi-State, Plaintiffs are citizens of the State of Michigan, and none of the Defendants is a citizen thereof. (Notice of Removal, ¶¶ 7-16).

*Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981)). Federal courts thus lack diversity jurisdiction over a removed case in which one or more of the defendants is a citizen of the forum state, *see Perez*, 902 F.Supp.2d at 1241, and "the violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." *Horton*, 431 F.3d at 605 (internal quotations and citation omitted).

Upon review of the record, the Court finds that Bi-State's own filings demonstrate removal was improper. In its Notice of Removal, Bi-State confirms both that it and Jackson are citizens of the State of Missouri, and that it was served with the Summons and Complaint prior to removal. (Notice of Removal, ¶¶ 3, 9-10; *see also* ECF No. 1-2, P. 1 (confirming Bi-State is incorporated or has its principal place of business in Missouri)). Under these circumstances, this Court lacks jurisdiction and must remand this matter to state court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this ___3rd___ Day of August, 2016.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE